# Potter *v.* Shauf.

## *Assumpsit.*

### (Decided June 1, 1914.   65 South. 778.)

1. *Witnesses; Examination and Cross; Discretion.*—Where the action was for the value of work and labor done, and the issue was whether plaintiff had been employed by defendant or by another, it was within the discretion of the trial court to permit plaintiff to be asked on cross-examination whether the third person had gotten plaintiff into trouble with a former employee, or what brought about the termination of that employment, or what motive such third person might have had to hurt plaintiff.

[Potter v. Shauf.]

2. *Appeal and Error; Harmless Error; Evidence.*—It is not prejudicial to a party to decline to admit evidence amounting to a declaration against interest of such party.

3. *Evidence; Declaration Against Interest.*—Where the action was brought against three persons as partners for services alleged to have been rendered them by plaintiff, the declarations of a defendant not served with process, and eliminated from the case by an amendment, made during the progress of the work done by the plaintiff, and to the effect that plaintiff was working only for him and not for the other co-defendant, were properly excluded as against the objection that they were admissible as declarations made against them.

4. *Same.*—Evidence of a conversation between a defendant and a third person, had in the absence of plaintiff, was hearsay and inadmissible, unless such conversation amounted to an admission against the interest of defendant.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

Action by W. F. Shauf against R. J. Potter and another. Judgment for plaintiff and defendant Potter appeals. Affirmed.

BANKHEAD & BANKHEAD, for appellant. Counsel discuss the errors assigned but without citation of authority.

RAY & COONER, for appellee. Counsel discuss the errors assigned but without citation of authority.

SAYRE, J.—Appellee sued appellant for the price or value of work and labor done, and recovered judgment. Exceptions reserved by the defendant and errors assigned raise only some questions as to the competency and relevancy of evidence.

Plaintiff's claim was that he had been employed by Potter Bros., a partnership composed of defendant, R. J. Potter, and his brother, G. H. Potter, for whom he performed services, and that, G. H. Potter dying after awhile, he continued to perform services for R. J. Potter, who continued to carry on the business of the firm.

He brought evidence to sustain this contention. Defendant's insistence, on the other hand, was that the Potters had been engaged in "building" orchards, buying trees, and putting out orchards for their patrons; that W. B. Foster, operating under the name of the Union Nursery Company, sold fruit trees; that thus the Potter and Foster interests converged frequently upon the same transaction; and that plaintiff, though thus brought into connection with defendant's business, was employed by and worked for Foster alone. There was evidence to sustain this theory of the facts, and the conflict was properly submitted to the jury for decision.

Plaintiff had left the service of the Southern Express Company to go into the fruit tree business. But whether Foster got plaintiff into trouble with the express company, or what brought about the termination of that employment, or what motive of help to plaintiff Foster may have had, were questions that shed no considerable direct light upon the issue whether plaintiff had been employed by Foster or by Potter Bros. These questions were asked of plaintiff on cross-examination, and probably, after evidence going directly to show that plaintiff was employed by Foster had been introduced, or if the court had been informed at the time of the exceptions reserved that such evidence would be offered by defendant, these questions would have been allowed. Certainly they might have been allowed without error; but on cross-examination touching collateral inquiries of fact some latitude must be allowed, and the question of its extent is of necessity left in a measure to the trial court's discretion. We find no reversible error in these rulings.

The suit had been brought in the beginning against Foster along with the Potter Bros. on the idea and allegation that he was a member of the firm, and there

was some evidence to that effect. No service was had upon him, however, and he was eliminated from the case by amendment. Defendant sought to draw out declarations made by Foster pending the progress of plaintiff's work to the effect that plaintiff was working for him alone and not for Potter Bros., or R. J. Potter. Plaintiff's objections were sustained. The argument against these rulings (assignments of error 3, 4, and 7) is that these were declarations against interest. They were not declarations against the declarant's interest at the time of their utterance—rather the contrary, it seems— and Foster, after his elimination, had no interest in the suit. Declarations by Foster could bind Potter only in the event there was a partnership between the two embracing the subject of plaintiff's employment. But the tendency of the declarations excluded was to establish defendant's denial of a partnership, and thus they of themselves excluded the only possible ground upon which in any view they might have been admissible. As against plaintiff these declarations were mere hearsay, and the rulings of exclusion were free from error.

Defendant asked the witness Lollar to repeat a conversation he had heard between Shauf and Potter; that is, between plaintiff and defendant as the case then stood in respect of parties. Witness thereupon began to state what he had heard Foster say. On objection interposed, the court ruled that the objection should be sustained unless Shauf was present at the conversation. In this, it hardly seems necessary to write, the court was correct. What may have passed between Potter and Foster in the absence of plaintiff was clear hearsay and could be brought within the exception to the rule against evidence of that character only in case what was said amounted to an admission or declaration.

against interest on the part of Potter. But if it was such admission or declaration, Potter was not harmed by its rejection. This in reference to assignment of error No. 5. Assignments 6 and 8 are to be disposed of on similar considerations.

No error appearing, the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and DE GRAFFEN-RIED, JJ., concur.